IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JINA YVONNE MCDANIELS,

      Plaintiff,

vs.                                                             1:16-cv-00496-KRS

NANCY A. BERRYHILL, Acting Commissioner
of the Social Security Administration,

      Defendant.

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER comes before the Court upon Plaintiff's Unopposed[1] Motion for Order Authorizing [$25,179.50 in] Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 35). The Court, having considered the motion and the reasonableness of the requested award, finds that the motion is well-taken and should be granted.

On May 27, 2016, Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of her application for Social Security disability benefits. On June 2, 2017, this Court granted Plaintiff's Motion to Reverse or Remand (Doc. 17), and remanded the matter for additional proceedings. (Doc. 30). Thereafter, the Court awarded Plaintiff EAJA fees in the amount of $6,523.30. (Doc. 34). Following this Court's remand, the Social Security Administration found Plaintiff to be disabled and awarded her $124,718.00 in past-due benefits. *See* Doc. 35-1, p. 17. The Administration withheld $31,179.50—twenty-five percent (25%) of the award—to cover potential attorney fees. It disbursed $6,000 of these funds to Michael Armstrong per his initial fee agreement with Plaintiff, and Mr. Armstrong now seeks

---

[1] For purposes of clarification, the Court notes that Defendant declined to take a position on the motion. (Doc. 35, p. 2).

authorization from this Court to receive the remaining $25,179.50 of the funds pursuant to a separate contingency agreement.

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id*. at 934. The court may award fees under § 406(b) when "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 495 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding twenty-five percent (25%) of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 798, 807 (2002). Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable. *Id.* at 807. Importantly, there is no presumption that a fee equal to or below the twenty-five percent (25%) cap is reasonable. *Id.* Rather, it is simply a Congressionally created "boundary line" and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

To determine reasonableness, courts consider factors including: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately

2

large in comparison to the amount of time spent on the case. *Id*. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the attorney's normal billing rate for non-contingency fee cases. *Id*. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

In this case, the Court finds that Michael Armstrong's legal representation of Plaintiff was more than adequate; that Mr. Armstrong obtained a fully favorable decision without delaying the proceedings before this Court; and that the instant motion was filed within a reasonable time after Plaintiff received notice of entitlement to past-due benefits. The Court further finds that the requested fee is below the twenty-five percent (25%) of past-due benefits permitted by Plaintiff's contingency agreement, *see* Doc. 35-1, p. 24, and that it is proportionate given the amount of time (33.4 hours) Mr. Armstrong and his firm expended in this case. The Court notes that the requested fee translates to an hourly rate of roughly $753.88, which is higher than average for fees authorized in this District under 406(b). *See e.g.*, *Marquez v. Astrue*, CIV 10-1165 CG *(Doc. 30)* (awarding $10,105 for 18.9 hours, or $529.00 per hour); *Dimas v. Astrue*, CIV 03-1157 RHS *(Doc. 34)* (awarding $17,000 for 38.26 hours or $444.23 per hour). However, the hourly rate is in line with the award authorized in *Threadgill v. Berryhill*, CIV 16-0287 JHR *(Doc. 33)* (awarding $13,762.50 for 18.45 hours or $746.00 per hour). And, having performed its "independent check" duties, the Court finds the requested award to be both appropriate and reasonable.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for attorney fees under § 406(b) is **GRANTED.** The Court hereby authorizes an award of attorney fees in the amount of

$25,179.50, and directs the Commissioner to pay this award directly to Plaintiff's attorney from the amount of past-due benefits withheld for this purpose. Plaintiff's attorney shall thereupon refund to Plaintiff the EAJA award of $6,523.30.

_____
UNITED STATES MAGISTRATE JUDGE